## IRA F. DEAN *v.* NEWTON HERRICK.

### *Usury.*

1. The plaintiff gave the defendant the following writing : "Received of N. H. $69.96, by way of discounting notes paid before due ; the same is to offset upon notes that I hold against N. H. at the rate of two per cent. extra yearly upon all paper that lies in my hands after due. If the above sum is not exhausted in this way when said H. pays me up the balance, I will pay H. cash for the same." The court construed the report of the referees as meaning that the above sum had never been paid by the plaintiff except by the allowance of the two per cent. extra ; that it was usury ; and that the defendant should be allowed the same in offset.
2. R. L., s. 2000, usury, construed.

GENERAL ASSUMPSIT. Heard on the report of referees, April Term, 1881, ROYCE, J., presiding. The court rendered judgment for the plaintiff to recover the smallest sum found due in the report. Before the referees the defendant presented the following, as his exhibit, No. 1 :

[$69.96.] FAIRFIELD, November 13, 1875.
Received of Newton Herrick $69.96, by way of discounting notes paid before due ; the same is to offset upon notes that I hold against N. Herrick at the rate of two per cent. extra yearly upon all paper that lies in my hands after due. If the above sum is not exhausted in this way when said Herrick pays me the balance, I will pay Herrick cash for the same.
(Signed) I. F. DEAN.

The referees found :

" We find that if, in the opinion of the court, a payment of the sum named in said defendant's exhibit, No. 1, in the manner therein provided, would be lawful, that the same has been fully paid in the way and manner provided in said exhibit, but in no other way. And in that event we disallow the amount so claimed by the defendant in his specifications, and find nothing due him under his plea in offset, and that the plaintiff should recover the full amount due him as aforesaid.

But if the court should be of the opinion that a payment of the sum named in said exhibit by Ira F. Dean, in the way and manner provided by said exhibit, would not be a lawful payment of said sum, and that payment of the same in money could be enforced by the defendant, then unless the court should be of the opinion that said sum named in said exhibit is not due on account

of the indebtedness from the defendant to the plaintiff, as herein-before stated and found,—we find that there is due to the defendant under his said plea in offset, the sum of ninety-one dollars and eighty-two cents, with interest thereon from the 28th day of January, A. D. 1881 ; and in that event, said last mentioned sum of $91.82 should be deducted from the amount so found due to the plaintiff as aforesaid, leaving a final balance due to the plaintiff of one hundred and nineteen dollars and forty-three cents (119.43), with interest thereon from said 28th day of January, A. D. 1881.

*Edson, Cross & Start,* for the plaintiff.

*George W. Burleston* and *George A. Ballard,* for the defendant.

The opinion of the court was delivered by

Ross, J.   The writing signed by the plaintiff, dated November 13, 1875, acknowledges that he has received of the defendant sixty-nine dollars and ninety-six cents, which he is to offset upon notes which he holds against the defendant at the rate of two per cent. extra, for the time they are allowed to remain unpaid after due ; and if not exhausted in that way, the plaintiff agrees to pay the defendant cash, when the defendant pays up the balance of the notes.

Payment of this sum, by offset of two per cent. extra on the defendant's overdue notes, is a payment of usury.   The money thus paid the plaintiff holds to the use of the defendant, if he elects to call it out of the plaintiff's hands.   Such offset being illegal, is in law no payment of the $69.96.   We think the fair construction to be placed upon the language of the referee's report is that this sum has never been paid by the plaintiff except by the allowance of two per cent. extra on the defendant's overdue notes.   The referees, in substance, report, that, if payment of the sum named in the defendant's exhibit No. 1, in the manner therein provided, would be lawful, the same has been fully paid in that way, and in no other way ; but if payment in that way and manner is unlawful, and the defendant can enforce payment of the same in money, it should be allowed to the defendant in set-off.   The plaintiff contends that inasmuch as the contract, in one contingency, provides

for a payment in cash, this finding by the referees is tantamount to finding that the plaintiff has paid in cash. A payment in cash would be lawful. The language of the referees has no intelligible applicability to such a payment. The plaintiff further contends that the defendant cannot be allowed this sum in offset, because the referees have not found that all of the defendant's notes held by the plaintiff Nov. 13, 1875, have been paid, and that by the terms of the contract of that date, the $69.96 was not to be paid, in cash, until such notes were all paid. The referees have not found that all such notes have been paid. Perhaps that fact is inferable, inasmuch as the plaintiff's specifications do not include any indebtedness which existed at that date. The referees have found that this sum has all been applied in payment of two per cent. extra interest on the overdue notes then held by the plaintiff against the defendant. Such application was a payment of usury by the defendant to the plaintiff, to recover which back a right of action immediately accrued to the defendant by force of sec. 2000, R. L., which was in force when the contract of Nov. 13, 1875, was entered into.

The result is, we find no error in the judgment of the County Court, and that judgment is affirmed.